E-FILED
Monday, 12 April, 2010  12:29:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON J. THOMPSON,
   Plaintiff,

vs.                                           No. 10-1051

PATRICK QUINN, et. al,
   Defendants

CASE MANAGEMENT ORDER

     This cause is before the court for case management. The pro se plaintiff has filed two cases alleging the same claims against the same defendants. On February 19, 2010, the plaintiff filed a complaint against nine defendants at the Pontiac Correctional Center alleging that he had been denied medical care. The plaintiff filed the complaint in the United States District Court for the Northern District of Illinois.

     On February 25, 2010, the plaintiff filed this case with identical claims against 12 defendants in the United States District Court for the Central District of Illinois. *See Thompson v Quinn,* Case No. 10-1051.

     On March 16, 2010, the Northern District appropriately transferred the initial case to the Central District where venue was proper. *See Thompson v Quinn,* Case No. 10-1065. [d/e 6]. Therefore, even though the case in the Northern District was filed first, it was assigned a higher case number when it was reopened in the Central District of Illinois.

     The plaintiff can only proceed with one case since the two cases allege identical claims. Therefore, the court will dismiss the case that was filed second, *Thompson v Quinn,* Case No. 10-1051. The plaintiff will still owe the filing fee because he intentionally filed two separate lawsuits and made no effort to inform either court. Each complaint was filed with its own motion to proceed *in forma pauperis* and motion for appointment of counsel.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to dismiss** *Thompson v Quinn,* **Case No. 10-1051. This case is duplicative of another case the plaintiff had previously filed.** *See Thompson v Quinn,* **Case No. 10-1065. All pending motions are denied as moot. [d/e 4]**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this**

court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g)

3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff is responsible for ensuring the $350.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

5)  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 12th day of April, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE